## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVEN SCHANSTRA,

**Plaintiff,**

v.                                                             CASE NO. 23-3080-JWL

MONTGOMERY COUNTY
DEPARTMENT OF CORRECTIONS,

**Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Steven Schanstra, a state prisoner who is housed at the Montgomery County Jail (MCJ) in Independence, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. The Court has conducted an initial review of the complaint and has identified deficiencies in the complaint, which are set forth below and which leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff the opportunity to file a complete and proper amended complaint on court-approved forms that cures those deficiencies.

### I.    Nature of the Matter before the Court

Plaintiff names as the sole Defendant the Montgomery County Department of Corrections. (Doc. 1, p. 8-9.) As the factual background for this complaint, Plaintiff alleges that on March 9, 2023, while he was at the MCJ, he tripped and, while reaching out to steady himself, he cut his middle and ring fingers on an "unmaintained" light-switch cover. *Id.* at 2-3. Plaintiff was ultimately taken to the hospital, where he received 15 stitches, and he alleges that he suffered partial loss of use in his fingers. *Id.* Sergeant Cline of the MCJ removed the broken light-switch

cover the same day and, the following morning, MCJ maintenance installed a new cover. *Id.* at 3. As the sole count in the complaint, Plaintiff alleges the violation of his Eighth Amendment rights by the MCJ's failure to fix the broken light-switch cover before Plaintiff was injured. *Id.* at 3. Plaintiff requests as relief monetary damages in the amount of $200,000.00. *Id.* at 5.

## II.    Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

## III.   Discussion

This action is subject to dismissal because it fails to name a proper defendant. Plaintiff names the "Montgomery County Department of Corrections" as Defendant. (Doc. 1, p. 1.) The Montgomery County Jail, where Plaintiff is housed, is operated by the Montgomery County Sheriff Office, so it is unclear what entity Plaintiff means by the "Montgomery County Department of Corrections."

In any event, the State and its agencies such as the Department of Corrections are not "persons" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Similarly, a jail facilities is not a proper defendant because it is not a "person" subject to suit for money damages under § 1983. *See Will*, 491 U.S. at 66, 71 (neither state nor state agency is a

"person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 Fed. Appx. 406, 408 (10th Cir. 2005).

To impose § 1983 liability on a county and its officials for acts taken by its employee, plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff or Montgomery County and no causal link between any such inadequacy and the allegedly unconstitutional acts or inactions of MCJ staff in failing to fix a broken light-switch cover.

In addition, Plaintiff identifies the constitutional violation on which this action is based as a violation of his Eighth Amendment "right to decent conditions in prison," (Doc. 1, p. 3 (capitalization normalized)), but he has failed to allege sufficient facts to support a plausible claim for relief. The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).[1] "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter,

---

[1] While the conditions under which a convicted prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth and Fourteenth Amendments.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).

and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001).

In order to state a claim of cruel and unusual punishment, the plaintiff has to establish "deliberate indifference." As noted, the deliberate indifference standard includes both an objective and subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir.2005). To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *Martinez*, 430 F.3d at 1304. The objective component is met only if the condition complained of is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

With regard to the subjective component, the plaintiff must prove that the defendant acted with a culpable state of mind. 511 U.S. at 834, 837 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001) (Deliberate indifference "requires both knowledge and disregard of possible risks."). It is not enough to establish that the official should have known of the risk of harm. *Farmer*, 511 U.S. at 837–38; *Barney*, 143 F.3d at 1310. Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain*, 264 F.3d at 974 (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

The sole count of this complaint is subject to dismissal because Plaintiff has failed to allege sufficient facts to state a plausible claim that his Eighth Amendment rights were violated. Although

Plaintiff alleges that the light-switch cover "was obviously ignored and un-maintained and in clear sight to all correctional officers when doing hourly scans," he does not further detail the state of the light-switch cover, nor does he allege facts that lead to a plausible conclusion that the broken cover posed a substantial risk of serious harm. Plaintiff also fails to explain the length of time for which the cover was broken or to identify any specific MCJ employee who was aware that the cover was broken. The facts pled in the complaint, at best, appear to allege a negligence claim.

But claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("[N]egligence and gross negligence do not give rise to section 1983 liability."). Deliberate indifference requires "a higher degree of fault than negligence." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (citations omitted); *Farmer*, 511 U.S. at 835. A prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not amount to the infliction of cruel and unusual punishment. *Id.* Rather, Plaintiff must allege facts indicating that a named defendant actually knew of but disregarded a serious risk to him, rather than that MCJ staff should have been aware of possible danger. *See id.*

## IV.    Conclusion

As explained above, it appears that this action is subject to dismissal in its entirety because Plaintiff fails to identify a proper defendant and also because Plaintiff fails to allege sufficient facts to state a plausible claim for relief under 42 U.S.C. § 1983. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. An amended complaint does not simply supplement the

original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not refer to an earlier pleading, and the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (23-3080) at the top of the first page of his amended complaint. He must identify a defendant who is amenable to suit under § 1983 and he must allege sufficient additional facts to show that each defendant personally participated in the federal constitutional violation, as discussed above. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum. Plaintiff must clearly identify each cause of action and the specific facts that support each cause of action, as explained above. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for the reasons stated herein.

## V.    Motion to Appoint Counsel (Doc. 3)

Plaintiff has filed a motion for appointment of counsel (Doc. 3.) As Plaintiff acknowledges, he has no constitutional right to appointment of counsel in a civil case. *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). Rather, the decision whether to appoint counsel in a civil matter lies in the Court's discretion. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*,

461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

As this case now stands, Plaintiff has not articulated a plausible claim against an identified defendant. Moreover, Plaintiff appears capable of articulating the facts and arguments necessary to support his claim and, although Plaintiff must file an amended complaint, there does not appear to be the need for investigation that would require the assistance of counsel. The Court will therefore deny the motion for appointment of counsel without prejudice to refiling the motion if this action survives screening or the relevant circumstances change.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including April 27, 2023, to file a complete and proper amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS FURTHER ORDERED** that the motion to appoint counsel (Doc. 3) is **denied without prejudice.**

**IT IS SO ORDERED.**

DATED:  This 27th day of March, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge